```
                            United States Bankruptcy Court
                            Western District of Washington
In re:                                                          Case No. 13-12141-MLB
John N Zavaglia                                                 Chapter 7
Cheri L Zavaglia
         Debtors                        CERTIFICATE OF NOTICE
District/off: 0981-2          User: victoriab             Page 1 of 2             Date Rcvd: Jun 12, 2013
                              Form ID: b18                Total Noticed: 14


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 14, 2013.
db/jdb       +John N Zavaglia,    Cheri L Zavaglia,    9010 SE 40th St.,    Mercer Island, WA 98040-3720
954402278     HSBC Card Services,    PO Box 60507,    City of Industry, CA 91716-0507
954402276    +Hana Small Business Lending, Inc,    1000 WIlshire Bl,    20th Fl,    Los Angeles, CA 90017-5645
954402277    +Henry DeGraaff & McCormick,    1833 N 105th St.,    Suite 200,    Seattle, WA 98133-8973
954402279     IndyMac Mortgage Services,    PO Box 78826,    Phoenix, AZ 85062-8826
954402281    +Jennie L. Pompeo,    13654 18th Ave SW,    Burien, WA 98166-1047
954402283     Shell Mastercard,    PO Box 6170,    Sioux Falls, SD 57117-6170
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg           EDI: WADEPREV.COM Jun 13 2013 01:58:00     State of Washington,   Department of Revenue,
               2101 4th Ave, Ste 1400,    Seattle, WA  98121-2300
954402271     EDI: BANKAMER.COM Jun 13 2013 01:58:00     Bank of America,   PO Box 851001,
               Dallas, TX 75285-1001
954402272     EDI: BANKAMER.COM Jun 13 2013 01:58:00     Bankof America,   PO Box 21848,
               Greensboro, NC 27420-1848
954402274    +EDI: CITICORP.COM Jun 13 2013 01:58:00     Citicard,   PO Box 6500,   Sioux Falls, SD 57117-6500
954402275     EDI: DISCOVER.COM Jun 13 2013 01:58:00     Discover,   PO Box 30421,
               Salt Lake City, UT 84130-0421
954402280     EDI: IRS.COM Jun 13 2013 01:58:00     Internal Revenue Service,   PO BOX 7346,
               PHILADELPHIA, PA 19101-7346
954402284    +E-mail/Text: USTPREGION18.SE.ECF@USDOJ.GOV Jun 13 2013 02:16:29     US Trustee,
               Office of the United States Trustee,    United States Courthouse,    700 Stewart St., Ste. 5103,
               Seattle, WA 98101-4438
                                                                                              TOTAL: 7

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
954402273*   +Cheri L Zavaglia,   9010 SE 40th St.,   Mercer Island, WA 98040-3720
954402282*   +John N. Zavaglia,   9010 SE 40th St.,   Mercer Island, WA 98040-3720
                                                                                 TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Jun 14, 2013**          **Signature:** _Joseph Speetjens_

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 12, 2013 at the address(es) listed below:

        Christina L Henry    on behalf of Joint Debtor Cheri L Zavaglia mainline@hdm-legal.com,
         hdmecf@gmail.com
        Christina L Henry    on behalf of Debtor John N Zavaglia mainline@hdm-legal.com,  hdmecf@gmail.com
        Edmund J Wood    ewood1@aol.com, ejw@trustesolutions.net
        United States Trustee    USTPRegion18.SE.ECF@usdoj.gov

                                                                                                                    TOTAL: 4

B18 (Official Form 18) (12/07)

# United States Bankruptcy Court
Western District of Washington
700 Stewart St, Room 6301
Seattle, WA 98101

Case No. **13−12141−MLB**

**Chapter 7**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

John N Zavaglia
aka John N Zavagalia, dba Sunset Super
Wash, dba ZAG LLC
9010 SE 40th St.
Mercer Island, WA 98040

Cheri L Zavaglia
9010 SE 40th St.
Mercer Island, WA 98040

Social Security/Individual Taxpayer ID No.:
xxx−xx−6788                xxx−xx−2082

Employer Tax ID/Other nos.:

## DISCHARGE OF DEBTOR

The Debtor(s) filed a Chapter 7 case on **March 11, 2013.** It appearing that the Debtor is entitled to a discharge,

**IT IS ORDERED:**

The Debtor is granted a discharge under 11 U.S.C. § 727.

BY THE COURT

Dated: <u>June 12, 2013</u>                <u>Marc Barreca</u>
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged**

Some of the common types of debts which are *not* discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**